UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ARTMAN,<br><br>Defendant. | Case No. 2:15-cr-00174-KJD-BNW<br>2:18-cr-0022-KJD-BNW<br>2:18-cr-0023-KJD-BNW<br><br>ORDER |

Presently before the Court are Defendant's Motions for Early Termination of Supervised Release (ECF No. 488, 2:15-cr-00174-KJD-BNW); (ECF No. 26, 2:18-cr-0022-KJD-BNW); (ECF No. 141, 2:18-cr-0023-KJD-BNW). The Government filed responses (ECF Nos. 489, 27, 142 respectively) in each case notifying the Court that it does not oppose Defendant's motion for early termination of supervised release. Further, Probation does not oppose Plaintiff's motions.

A district court enjoys "broad discretion" when, after it accounts for the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Title 18 U.S.C. § 3583(e) states:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.  See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant Artman commenced supervised release on June 14, 2021. He has now completed forty-three (43) months of his sixty (60) month sentence of supervised release. He has maintained consistent payments on his substantial restitution. He has even increased his payments after a review of his financial records. He has complied with all other conditions of supervision.  Having considered all of the factors under Section 3583(e)(1), the Court finds that Defendant has met his burden in establishing that early termination of supervised release is justified by his conduct and by the interests of justice.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motions for Early Termination of Supervised Release (ECF No. 488, 2:15-cr-00174-KJD-BNW); (ECF No. 26, 2:18-cr-0022-KJD-BNW); (ECF No. 141, 2:18-cr-0023-KJD-BNW) are **GRANTED**.

IT IS FURTHER ORDERED that Defendant's term of supervised release is **TERMINATED** immediately.

DATED: January 13, 2025.

_____
Kent J. Dawson
United States District Judge